UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

VINCENT DONTA MCSWAIN,
Defendant.

Criminal No. 19-80 (CKK)

**MEMORANDUM OPINION**
(April 15, 2019)

A federal indictment charges Defendant Vincent Donta McSwain with unlawful possession of ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and with receipt or possession of a firearm unidentified by serial number, in violation of 26 U.S.C. § 5861(i). At a detention hearing on March 4, 2019, Magistrate Judge Robin M. Meriweather granted the Government's oral motion to detain Mr. McSwain pending trial. He presently seeks release from pretrial custody into the High Intensity Supervision Program ("HISP"). Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court **DENIES** Mr. McSwain's [12] Motion to Modify Conditions of Release. He shall remain in custody pending trial.

**I. BACKGROUND**

The Court draws on the briefing and the docket for certain relevant proceedings in this matter. On February 27, 2019, Mr. McSwain was arrested during a traffic stop when Metropolitan

---

[1] The Court's consideration has focused on the following documents:

- Mot. to Modify Conditions of Release, ECF No. 12 ("Def.'s Mem.");
- Gov.'s Opp'n to Def.'s Mot. to Reconsider Bond Status, ECF No. 13 ("Gov.'s Opp'n"); and
- Resp. to Gov. Opp'n Mot. [sic] to Modify Conditions of Release, ECF No. 15 ("Def.'s Reply").

1

Police Department officers allegedly found a loaded gun on his person that lacked a serial number, and they identified a prior felony conviction in a criminal records database. *See, e.g.*, Stmt. of Facts, Criminal Compl., ECF No. 1-1, at 2; Gov.'s Opp'n at 1-2.

The Government filed a sealed Criminal Complaint against Mr. McSwain on February 28, 2019, containing two counts, namely unlawful possession of ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and receipt or possession of a firearm unidentified by serial number, in violation of 26 U.S.C. § 5861(i). Criminal Compl., ECF No. 1. On March 1, 2019, Mr. McSwain initially appeared before Magistrate Judge Deborah A. Robinson, who unsealed the case, denied the Government's oral motion for temporary detention, and denied Mr. McSwain's oral motion for an immediate hearing on pretrial detention. Min. Entry for Initial Appearance of Mar. 1, 2019. Nevertheless, it appears that Mr. McSwain remained in detention without bond. *Id.*

An Indictment containing the same two charges was filed on March 4, 2019. ECF No. 3.[2] That same date, Magistrate Judge Robin M. Meriweather held a detention hearing and granted the Government's oral motion to commit Mr. McSwain to custody. Min. Entry for Detention Hearing of Apr. 4, 2019; Order of Detention Pending Trial, ECF No. 6. Mr. McSwain was arraigned before this Court on March 15, 2019. Min. Order of Mar. 18, 2019.

Mr. McSwain has moved for pretrial release into HISP. Briefing having concluded, his motion is ripe for decision.

---

[2] On March 21, 2019, the Government corrected the first page of the Indictment to reflect that the Indictment was filed in federal district court, rather than the Superior Court of the District of Columbia.

## II. LEGAL STANDARD

The touchstone of the pretrial detention inquiry is whether a defendant's "release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Imposition of a condition or combination of conditions of release may be necessary to achieve such assurance. *Id.* § 3142(c). Failing that, a defendant is detained until trial. *See id.* § 3142(a), (e); *see also* § 3142(d) (providing for temporary detention in certain circumstances).

A defendant may seek review of the decision of a magistrate judge to detain him pending trial. *Id.* § 3145(b). In that event, this Court conducts the detention inquiry *de novo*. *See United States v. Taylor*, 289 F. Supp. 3d 55, 63 (D.D.C. 2018) (observing that the Court of Appeals of this Circuit has yet to confirm standard of review, but applying standard recognized in nearly all other circuits).

In certain circumstances, the Court presumes—subject to rebuttal by a defendant—that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e)(2), (3).

Regardless of the rebuttable presumption, the Court must take the following factors into consideration as it reviews the magistrate's detention order:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

> criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

*Id.* § 3142(g). "The facts the judicial officer [holding a hearing pursuant to Section 3142(f)] uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f).

### III. DISCUSSION

Although Mr. McSwain does not purport to seek review of Magistrate Judge Meriweather's decision, neither does he cite the applicable standard for this Court to alter his present status in detention. Accordingly, the Court shall conduct the pretrial detention inquiry *de novo*, as Mr. McSwain seeks adjustment of a decision made by the magistrate judge and not yet reviewed by this Court.

Mr. McSwain requested a hearing as to the pending motion at the Court's Status Hearing on April 3, 2019. That request does not appear in either his motion or reply. Nevertheless, in an exercise of its discretion, the Court finds that holding oral argument as to this motion would not be of assistance in rendering a decision. *See* LCrR 47(f) (according discretion to Court as to request for hearing made in a motion or opposition). Moreover, Magistrate Judge Meriweather already held a detention hearing before ordering Mr. McSwain's detention pending trial. Accordingly, the Court shall consider any requirement under Section 3142(f) to hold such a hearing to be satisfied.

*See* 18 U.S.C. § 3142(f) (requiring hearing upon Government's motion in felony case "involv[ing] the possession or use of a firearm").

The Government argues that a presumption of detention has arisen, but the Government refers, presumably by mistake, to "the grand jury's decision to charge defendant with a controlled substance offense." Gov.'s Opp'n at 3. Mr. McSwain has not been indicted for a controlled substance offense. Nor did Magistrate Judge Meriweather find that a rebuttable presumption had arisen. *See* Order of Detention Pending Trial, ECF No. 6, at 1-2. The Court's independent review also suggests that no such presumption applies. In any case, the Court's consideration of the relevant factors demonstrates that Mr. McSwain must remain detained.

The Government has not raised any concern that Mr. McSwain may flee pending trial. Nor did Magistrate Judge Meriweather detain him on this basis. The Court's review of the record has not suggested any flight risk either. The Government does not contest Mr. McSwain's representations that he has lived locally throughout his life, has family in the area, and has not missed any past court appearances. *See* Def.'s Mem. at 2-3.

Rather, the Government urges that Mr. McSwain should remain detained in the interest of community safety. Gov.'s Opp'n at 5; *see also* Order of Detention Pending Trial, ECF No. 6, at 2; 18 U.S.C. § 3142(b). The Court shall proceed to consider the Section 3142(g) factors in its evaluation of whether, if Mr. McSwain is released pending trial, there is any condition or combination of conditions that would adequately assure the safety of other persons and the community. *See* 18 U.S.C. § 3142(c).

### 1. *Nature and Circumstances of the Offenses Charged, and Weight of the Evidence Against the Defendant*

Under Section 3142(g), the Court must specifically consider that Mr. McSwain has been indicted for firearm offenses. Each of those offenses can result in imprisonment for up to ten years.

*See* 18 U.S.C. §§ 922(g)(1), 924(a)(2); 26 U.S.C. §§ 5861(i), 5871. Mr. McSwain was charged with possession of ammunition that he should not have had due to his prior felony convictions. The present charges also involve a weapon that lacks a serial number; this "ghost gun" is therefore untraceable by law enforcement. Gov.'s Opp'n at 4. The Court is concerned about the potential reasons why Mr. McSwain was carrying a loaded and untraceable firearm.

The alleged evidence against Mr. McSwain is strong, moreover. During the traffic stop, Mr. McSwain "stood against the car in a way that made it seem to officers that he was trying to conceal the lower part of his body." *Id.* at 1-2. When asked whether he was armed, Mr. McSwain admitted to having a gun, which the pat-down promptly confirmed and the officers' body-worn cameras readily documented. Stmt. of Facts, Criminal Compl., ECF No. 1-1, at ECF page 1; Gov.'s Opp'n at 2, 4; Gov.'s Mem. in Supp. of Pretrial Detention, ECF No. 4, Exs. A & B. The gun's magazine was loaded with ten rounds of ammunition. Stmt. of Facts, Criminal Compl., ECF No. 1-1, at ECF page 1. After his arrest, and after he had waived his *Miranda* rights, Mr. McSwain admitted to Federal Bureau of Investigation agents that he had been carrying a gun that he had purchased. *Id.*; Gov.'s Opp'n at 2.

Mr. McSwain does not dispute the aforementioned allegations. He contests only the Government's assertion that he tried to walk away during the traffic stop. Gov.'s Opp'n at 1; Def.'s Reply at 1-2. Given the other evidence, the Court need not make a finding as to whether Mr. McSwain attempted to leave the scene or to evade detection of his firearm.

The nature and circumstances of the offenses charged, as well as the weight of the evidence against Mr. McSwain, strongly suggest that no other conditions short of pretrial detention would reasonably assure community safety.

*2. History and Characteristics of the Defendant, and the Nature and Seriousness of the Danger to Any Person or the Community That Would Be Posed by the Defendant's Release*

As noted above, Mr. McSwain has two prior convictions for offenses carrying terms of imprisonment that can exceed one year. According to Mr. McSwain's Pretrial Services Report, he was sentenced in 2008 to twenty-months' imprisonment, fourteen months suspended, for carrying a pistol without a license outside of his home or business, and another twenty months, fourteen months suspended, for assault with significant bodily injury. Perhaps more concerning is the Government's uncontested representation that the assault conviction was for "shooting an unarmed civilian." Gov.'s Opp'n at 4. Moreover, Mr. McSwain has committed a string of six other offenses. Those six violations of driving laws principally concern the requirement that he have a valid license. Based on the gravity of Mr. McSwain's prior felony convictions, and the frequency and similarity between his other traffic offenses, the Court finds that Mr. McSwain is likely to violate the law again if he were released before trial. And that violation may well involve a firearm again, and it could result in shooting someone again. Mr. McSwain is a danger to the community.

Mr. McSwain's attempts to minimize his criminal record are unpersuasive. *See* Def.'s Mem. at 1-2; Def.'s Reply at 2. Even though his prior gun conviction and his conviction for assault with significant bodily injury are each more than a decade old—and all but six months of his sentences for those crimes was suspended[3]—those are still serious crimes. His traffic offenses before and since demonstrate that Mr. McSwain cannot be trusted to comply with the law. The present indictment for further gun offenses reinforces that assessment.

---

[3] Mr. McSwain indicates that the separate sentences ran concurrently. *See* Def.'s Mem. at 2. The Government does not disagree.

That Mr. McSwain allegedly has been employed, has completed other pretrial release and probation successfully in the past, and has submitted letters in support of his character do not sufficiently mitigate the Court's concerns. *See* Def.'s Mem. at 2; Def.'s Reply at 2-3 & Ex. A. In the past, Mr. McSwain continued to commit offenses despite allegedly completing pretrial release and probation successfully as to prior offenses. According to the Pretrial Services Report, Mr. McSwain's probation for the latest offense expired on November 30, 2018—less than three months before he was arrested for the presently pending charges. While the Court is unaware of Mr. McSwain's employment history at the time of his previous offenses, his putative character did not keep him from becoming a repeat offender. The Court is not convinced that any of the other personal characteristics identified by Mr. McSwain—such as the reasons articulated above as to why he is not a flight risk—sufficiently mitigate the danger that he poses to the community at present, or the other two factors weighing against him.

## IV. CONCLUSION

Upon consideration of all of the evidence and the factors set forth in 18 U.S.C. § 3142(g), and the possible release conditions set forth in § 3142(c), the Court finds clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Mr. McSwain is released from detention pending trial. Accordingly, for the foregoing reasons, the Court **DENIES** Mr. McSwain's [12] Motion to Modify Conditions of Release. He shall remain in custody pending trial.

An appropriate Order accompanies this Memorandum Opinion.

Dated: April 15, 2019

                                                    /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge